IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
TULSA DIVISION

| | | |
|---|---|---|
| MARGARET J. LOWERY, | ) | **FILED** |
| | ) | |
| Plaintiff, | ) | MAY 0 2 2024 |
| | ) | |
| vs. | ) | Heidi D. Campbell, Clerk |
| | ) | U.S. DISTRICT COURT |
| RACHEL MILLER, PETER ROTSKOFF, | ) | |
| JOSE LOPEZ, JR., of Perkins Coie, | ) | 24 CV 0 2 0 4 SEH - JFJ |
| MARTHA FERDINAND, ELIZABETH | ) | |
| DELHEIMER, & LEA GUITERREZ | ) | |
| | ) | |
| Defendants. | ) | |

**APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND/OR TEMPORARY INJUNCTION**

COMES NOW the Plaintiff, Margaret J. Lowery by and through their counsel of record, Ronald D. Wilkinson, of Tulsa, Oklahoma and moves this Honorable court pursuant to Rule 65 of the Federal Rules for the issuance of a Temporary Restraining Order without notice and then the entry of a Preliminary Injunction with notice to the parties, all against the above named Defendants for the following reasons.

**BACKGROUND FACTS**

1.    Ms. Lowery is an Oklahoma attorney who has been licensed in good standing since her admission to the Oklahoma Bar in 1987.

2.    In 2000 she accepted a position as General Counsel for Memorial Hospital in Belleville, Illinois, a hospital system now part of the Barnes Jewish Health System in the St. Louis Metropolitan area.

3.    On June 30, 2023, Ms. Lowery did not renew her membership with the Illinois bar and on

December 31, 2023, Ms. Lowery did not renew her ARDC license and took retired status.

4.     In July of 2000, Ms. Lowery was admitted to the Illinois Bar on reciprocity from Oklahoma. While an Illinois attorney, Ms. Lowery served in various functions, including as a Commissioner appointed by the Illinois Supreme Court to the  Character & Fitness Committee where she served as a Commissioner Judge trying bar admission matters.

5.     Ms. Lowery served for 11 years, as a Commissioner and was recognized by the Illinois Supreme Court for her outstanding service to the Court.  Ms. Lowery served on bar Committees, was Rotarian of the Year, served on non profits boards, and was a foster parent.

6.     In 2014, Ms. Lowery retired from BJC/Memorial and in 2018 she obtained an apartment in Tulsa, Oklahoma with the intent to move back permanently to Oklahoma.

7.     On or about October 29, 2018, after the conduct of Andrew Gleeson became increasingly troublesome, Ms. Lowery filed a written complaint against him with the Illinois Supreme Court by sending an email to ARDC Administrator Peter Rotskoff.

8.     In that October 29, 2018 email, Ms. Lowery told the Court that Andrew Gleeson was stalking her and displaying creepy obsessive behavior toward her and she wanted it stopped. *A copy of the 10-29-2018 email to Peter Rotskoff is attached as Exhibit A.*

9.     Within one month of complaining to the Illinois Supreme Court about Andrew Gleeson's behavior, Ms. Lowery was physically attacked by Andrew Gleeson while practicing law inside the St. Clair County Courthouse elevator on November 20, 2018.

10.    During the attack, Andrew Gleeson stated that any 'refusal' by Ms. Lowery would result in the complete destruction of her legal career and Judge Andrew Gleeson would see to it that Ms. Lowery was 'living under a bridge.'

11.   Ms. Lowery has never appeared before Andrew Gleeson as an attorney before or since this incident.  She does not know this judge, other than he is creepy obsessive sex pest.

12.   After the assault, Ms. Lowery faxed and then spoke to Illinois Supreme Court, Chief Justice Lloyd Karmeier about the procedure for reporting such matters.  Justice Karmeier indicated that the Court' policy entitled "Non-Discrimination & Anti-Harassment Policy" applied.

13.   Justice Karmeier stated the Court was revising the policy and the new policy would be out by January 1, 2019.  *The revised 2019 policy is attached as Exhibit B.*

14.   Andrew Gleeson filed his bar complaint against Margaret Lowery on December 31, 2018 for the sole purpose of carrying out his November 20, 2018 to destroy Ms. Lowery's legal career.

15.   The act of filing a bar complaint on December 31, 2018, was Andrew Gleeson and St. Clair County Illinois illegal act of retaliated against Margaret Lowery.  Andrew Gleeson in his complaint stated that Ms. Lowery had made social media posts about him and that was a false statement.  *A copy of Gleeson's 12/31/2018 Complaint is attached a Exhibit C.*

16.   Ms. Lowery was cleared of making any of the social media posts.  Ms. Lowery has never appeared before Andrew Gleeson as an attorney and she does not know the man.

17.   The ARDC states that there is no evidence this judge has engaged in harassment of Ms. Lowery and that the Court policy does not apply.  This is Andrew Gleeson's complaint history against Margaret Lowery, all baseless complaints:

> Complaint #1 April 24, 2017
> Complaint #2 April 26, 2017
> Complaint #3 August 1, 2018
> Complaint #4 April 24, 2017 (Rearguing closed complaint)
> Complaint #5 April 26, 2017 (Rearguing closed complaint)
> Complaint #6 August 6, 2018

Complaint #7 August 21, 2018 Complaint #8 October 15, 2018

Complaint #9 December 31, 2018

Complaint #10 October 19. 2022

Complaint #11 October 24, 2022

Complaint #12 October 25, 2022

Complaint #13 November 10, 2022

Complaint #14 November 17, 2022

Complaint #15 January 18, 2023

Complaint #16 January 24, 2023

Compliant #17 April 27, 2023

Complaint #18 July 13, 2023

Complaint #19 September 18, 2023

Complaint #20 October 9, 2023 (forwarded OK)

Complaint #21 November 30, 2023

Complaint #22 December 20, 2023

Complaint #23 February 2, 2024

18.   According to the statement of the Illinois Supreme Court, the policy regarding harassment,

discrimination and retaliation is as follow:

> It is the policy of the Supreme Court of Illinois to provide a work
> environment free from unlawful discrimination and harassment.
> Discrimination and harassment based on race, color, religion, sex,
> national origin, ancestry, age, marital status, physical or mental
> disability, military status, sexual orientation, pregnancy, genetic
> information, or any other basis as provided by law, are prohibited.
> Discrimination and harassment are inappropriate, offensive, and will
> not be tolerated.

19.   According to the Illinois Supreme Court Policy on "Non-Discrimination and Anti-

Harassment" the applicable terms are defined as follows:

> *Discrimination* is unfavorable treatment of an individual, involving
> any term or condition of employment, based on that individual's race,
> color, religion, sex, national origin, ancestry, age, marital status,

physical or mental disability, military status, sexual orientation, pregnancy, genetic information, or any other basis, as provided by law.

*Harassment* is verbal or physical conduct that is directed at an individual because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental disability, military status, sexual orientation, pregnancy, genetic information, or any other basis, as provided by law, and is sufficiently severe, pervasive, or persistent *so as to have the purpose or effect of creating a hostile environment*.

*Retaliation* is an adverse action, performed directly *or through others*, that would deter a reasonable person from reporting or participating in the investigation of conduct prohibited by this policy. Adverse actions may include, but are not limited to, termination, negative performance evaluations, *discipline*, demotion, reassignment, or reduction in pay.

*Sexual harassment* is any sexual advance, request for sexual favor, or verbal or physical conduct of a sexual nature when:
1. Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment;
2. An individual's submission to or rejection of such conduct is the basis for employment decisions affecting such individual;
3. Such conduct has the purpose or effect of substantially interfering with an individual's work performance; or
4. Such conduct creates an intimidating, hostile, or offensive working environment, such that a reasonable person would find the environment to be hostile or abusive.

*A third party* is any individual who is not a judge or state-paid judicial branch employee but who interacts with judges and judicial branch employees, including, but not limited to, Supreme Court Committee/Commission/Board members, Illinois Judicial Conference members, Illinois Judicial College members, faculty and students, applicants for employment, *lawyers*, vendors, contractors, volunteers, court users, students, unpaid interns/externs/law clerks, bailiffs, court security, circuit clerk staff, and other judicial branch partners.

20.     According to the Illinois Supreme Court Non-Discrimination and Anti-Harassment policy applies to:

> *Applicability***: This policy shall be applicable to all judges of the**

**Circuit, Appellate, and Supreme Courts of Illinois, state-paid judicial branch employees whether full-time, part-time, temporary, or contractual, including administrative authorities, managers, and third parties**.

21.  The Complaint filed by Andrew Gleeson on December 31, 2018 and the prosecution of it by ARDC Peter Rotskoff directly violated court policy and federal law.   It is because Ms. Lowery continued to report the judge's ongoing harassment that the ARDC was required to ramp up the false bar complaints in order silence the victim of the Court's harassment campaign.  Ms. Lowery is not the only female victim of this tactic.

22.  In the December 31, 2018 complaint, Judge Gleeson made allegations against Ms. Lowery and other attorneys, even though he later testified he had no personal knowledge of any facts upon which he based his allegations against Respondent.  That is direct evidence that the judge's conduct was illegal retaliation.

23.  Next, in his deposition, Page 34 on June 21, 2021, Andrew Gleeson refers to Ms. Lowery has part of a Cabal.  A Cabal is an anti Semitic term.

> 19  **You just said "they."  Is they those two plus**
>
> 20  **the other names you just mentioned?**
>
> 21      A.   You know, there's -- yeah, there -- you
>
> 22   had -- you had a cabal of people that liked to attack
>
> 23   people on social media.

According American Jewish Federation, Anti Defamation League and others, the term "cabal" is an anti Semitic Trope.  Ms. Lowery is Jewish.[1]

24.  No more had that case concluded when Andrew Gleeson re-initiated his harassment of

---

[1] https://www.ajc.org/sites/default/files/pdf/2021-02/AJC_Translate-Hate-Glossary-2021.pdf

Ms. Lowery and her law partner with bar complaints into Oklahoma. Each time Andrew Gleeson sent his complaints on official State of Illinois Judicial Letterhead invoking the prestige of office and submitting himself, St. Clair County and the State of Illinois to the subject matter jurisdiction of this Court. *A copy of some of the complaint letters to the Oklahoma GC are attached as Exhibit D*

25. In 2022 and 2023, Andrew Gleeson and the ARDC filed bar complaints into Oklahoma and against Oklahoma attorneys Margaret Lowery and Ronald Wilkinson attempting to regulate the practice of law in Oklahoma.

26. Illinois has submitted themselves to Oklahoma jurisdiction because they are not attempting to regulate the practice of law in Illinois, but they are attempting to regulate the practice of law in Oklahoma as part of an illegal retaliation scheme to hide their illegal conduct.

27. On April 19, 2024, Chair Lopez forced over her POA's objection, a clearly an impaired attorney, to appear at a Pretrial hearing. On the tape, the Chair openly bullies Ms. Lowery despite it being very clear that she was impaired and unable to participate. Counsel asks this Court to order the Illinois Supreme Court to turn over the recording so this Court can listen to the abusive behavior of this Chair. It is conduct that will shock the conscience and one would hope would require his immediate removal and professional discipline for abusing an elderly disabled woman.

28. Chair Lopez had affidavits and medical records from Ms. Lowery's physicians that she was not well enough to appear in any court, he could clearly hear she was not competent and yet he proceeded knowing his conduct violated federal law.

29.     Chair Jose Lopez testified that the sole reason the hearing had to occur on May 1 and 2,

        2024, was to take away Ms. Lowery's Oklahoma Bar license. *A copy of that transcript is*

        *attached as Exhibit #D, however, the transcription does not appear complete and a*

        *request for the actual recording is now requested*

30.     On April 19, 2024, Chair Jose Lopez, Jr., of Perkins Coie, was provided with physician

        affidavits and medical records which  showed that Ms. Lowery was incapacitated and he

        refused to stop the pretrial proceedings.

31.     Illinois is attempting to wrongfully charge Ms. Lowery because Ms. Lowery has a valid

        claim against them for ADA violation, discrimination, harassment and retaliation, and

        also civil rights violations.

32.      Ms. Lowery filed formal written complaints to the Illinois Supreme Court about Andrew

        Gleeson and Peter Rotskoff's harassment, discrimination and retaliation on April 4, and

        24th, 2023.

33.     According to records, the ARDC Chief Administrative Chief Timothy Bertschy received

        the complaint on April 26, 2023.

34.     On April 27, 2023, ARDC Rachel Miller sent Ms. Lowery a 14 day bar regulation  letter

        to her office in Oklahoma about her sexual harassment complaint against Judge Gleeson.

35.     Rachel Miller is the attorney subordinate to Peter Rotskoff, the administrator about whom

        the complaint was filed.  This is also direct evidence of retaliation.

36.     Ms. Lowery immediately responded by questioning whether Ms. Miller's conduct

        complied with Illinois Professional Rule 8.4(g) because it appeared the letter was sent in

        violation of the rule and because Ms. Lowery reporting the judge's harassment per court

policy.  The policy states the complaint must first be investigated.

37.  On May 1, 2023, Ms. Miller without respondent to Ms. Lowery's inquiry, sent Ms. Lowery a subpoena to appear at ARDC offices on May 1, 2023.

38.  Ms. Miller claimed that by May 1, 2023, Ms. Lowery had refused to respond to the ARDC's 14 day letter.

39.  As this Court can  determine, 14 days from April 27th is not May 1, 2023, it is May 12th, 2024.

40.  Plaintiff did not refuse to respond, because she was given less than one business day to respond.  The ARDC was inventing a false narrative that Ms. Lowery was "a problem" in because her boss failed to follow court policy.

41.  Supreme Court Policy on Non Discrimination and Anti Harassment makes reporting a judge' s harassment a mandatory report to the Court.  At no time did the Illinois Supreme Court ever follow their policy and conduct a proper investigation into the harassment charges of Andrew Gleeson.

42.  In her April 27, 2023 letter, Ms. Miller accuses Ms. Lowery of lying when she said she reported the harassment to the Court. *A copy of the April 27, 2023 letter is attached as Exhibit E.*

43.  On June 27, 2023, now retired Chief Justice Lloyd Karmeier spoke to Ms. Miller and confirmed Ms. Lowery reported the harassment to the Court both in 2020 and again in 2022. *According to Justice Karmeier his ARDC statement is not accurate, but it is enclosed as Exhibit F.*  A request for the recorded conversation is being made.

44.  In the June 27, 2023 call, Justice Karmeier told Ms. Miller that it would be a violation of

federal law and Illinois Supreme Court Policy to charge Ms. Lowery because it would be retaliation for her to file any bar proceedings against Ms. Lowery until after the harassment investigation was completed.  No harassment investigation ever occurred from 2018 to the present of Andrew Gleeson's conduct.

45.    The Chief Justice also told Ms. Miller that he believed Ms. Lowery and that something had occurred.  Justice Karmeier told Ms. Miller that in fact, Plaintiff had reported the matter to the Court in 2020 because Andrew Gleeson would not leave her alone.

46.    On June 27, 2023, the day that Ms. Miller found out that the Chief Justice would not support her continued attacks on Ms. Lowery, Ms. Miller retaliates against Ms. Lowery by sending subpoenas to St. Louis Holocaust Museum in Missouri demanding the attendance list of everyone who attended a safety meeting in June of 2023, including Ms. Lowery.

47.    In her letter, Ms. Miller stated that the Illinois Supreme Court was conducting a secret or confidential governmental investigation into Ms. Lowery as an attorney.  *A copy of Ms. Miller's letter is attached as Exhibit G.*

48.    When did Missouri Temple Records ever involve professional regulation.  When Ms. Lowery found out, she reported Ms. Miller's conduct to the U.S. Civil Rights Commission of the DOJ.

49.    When Ms. Miller found out about the complaint filed on November 14, 2023, Ms. Miller retaliated by sending a 14 day letter to Ms. Lowery on November 30, 2023 claiming that ADL posts about Jewish matters were defaming the Illinois Bar.  The ADL put the same posts on four Illinois attorney accounts.  The only account Ms. Miller targeted was the

ADL account.

50. When Ms. Lowery forwarded the documentation that the ARDC had targeted and ADL account and not Ms. Lowery's Twitter account, the Administrator became enraged and so Ms. Lowery advised her that she was permanently retiring from the bar and did so.

51. In response, the Administrator filed a false Rule 774 Emergency Suspension Petition. Ms. Lowery when she was a retired attorney.

52. In the 774 Petition, Peter Rotskoff, the Administrator accused of harassing and retaliating against Ms. Lowery, made clearly false and baseless allegations that certain social posts were hers when they clearly were not. At no time did the ARDC ever contact X -Twitter to verify that the accounts were or were not Ms. Lowery's. In fact, Ms. Lowery did contact X Twitter and they are testifying for her, except that the Chair entered an order that none of Ms. Lowery's witnesses could appear remotely, only the Administrators.

53. So without any factual basis whatsoever, the Illinois Supreme Court emergency suspended an Oklahoma attorney who was retired from the practice of law and refused to rule on her Petition to Transfer to Permanent Retired Status unless she surrendered her Oklahoma bar license. Illinois has no jurisdiction over Ms. Lowery or her Oklahoma bar License.

54. On February 2, 2024, Ms. Miller again retaliated by charging Ms. Lowery with making t Tweets off an ADL account that are not even hers - but the same tweets which appeared on Illinois male attorneys Tweeter accounts, those were fine.

55. As of June 30, 2023, Ms. Lowery was not a member of the Illinois Bar. So a real issue exists as to whether the Court has improperly brought these charges as set forth below.

56.     Ms. Lowery resigned from the Illinois Bar on June 30, 2023.  Ms. Miller brought charges based upon activities which occurred when Ms. Lowery was a member of the Oklahoma Bar living in Oklahoma and not subject to the Illinois jurisdiction.

57.     In fact, this is consistent with the testimony of the Chair, Jose Lopez who on April 19, 2024, during a pretrial hearing Jose Lopez Jr., testified on the record that the sole reason that the ARDC was coming after Ms. Lowery was to affect her Oklahoma Bar license.

58.     That is the Chair admitting that the matter was brought for the purpose of retaliation, across state line and for an illegal reason.

### ADA & RESTRAINING ORDER

59.     In 2020, Ms. Lowery was diagnosed with a chronic medical condition covered by the ADA. She also worked 4/19 (OKC Bombing) and 9/11.

60.     On or about December of 2023, Ms. Lowery had an episode at her office and was rushed by ambulance to St. Francis Hospital South.

61.     Ms. Lowery's physician ordered her off work in February of 2023.  The Chair and Court refused the motion and denied her request for an ADA accommodation.

62.     On April 15, 2023, four days before the discovery deadline, the Administrator adds witnesses to her discovery disclosure and then the Chair prohibits Ms. Lowery from taking their deposition by Zoom recording.  That was the day Ms. Lowery collapsed and was rushed to the Emergency Department.  Her physician ordered her off work.  The Chair refused again the ADA accommodation.

63.     Then Ms. Lowery discovered the Chair and his firm are currently being sued for ethics violations as follows:

-12-

a.   $12 million by a client for 'missing client funds'

b.   gender discrimination of another elderly female lawyer.

c.   Discrimination of law clerks

Then Ms. Lowery finds out the Chair's firm also represents the State of Illinois, the Democratic National Convention, Illinois Governor Pritzker and Hillary Clinton.   Ms. Lowery is an Oklahoma Republican who has been critical of the Chicago Democratic Machine.

64.   Then the Supreme Court appoints its selection of "judges" which consist of the Chair who whose firm represents the DNC and the Democratic Governor, an employee of the State of Illinois, Department of Aging, who ruled to deprive an elderly disabled woman of medical treatment a direct violation of her oath, and another attorney who served on the St. Clair County Board of Directors with Andrew Gleeson and whose appears to have donated to his election campaign.[2]who is Ms. Lowery's direct competitor who donated to the judge's campaign.   All democrats and all with a direct conflict of interest.   When Ms. Lowery objected, the Court ruled there was no issue.

## ILLINOIS LACKS SUBJECT MATTER JURISDICTION

65.   The State of Illinois appears to lack jurisdiction to have even brought this matter, per Illinois Supreme Court Rule 751.

---

[2] It appears to be her/his spouse who donated the funds.

-13-

66. Illinois Supreme Court Rule 751(a) states:

> (a) Authority of the Commission. The registration of, and disciplinary proceedings affecting, ***members of the Illinois bar***, and unauthorized practice of law proceedings instituted under the authority of Rule 752(a), shall be under the administrative supervision of an Attorney Registration and Disciplinary Commission. [Emphasis added.]

66. On or about January 24, 1973 the Illinois Supreme Court created the ARDC because they were sued for requiring Illinois attorneys to join the Illinois Bar. Thus all attorneys must register with the Illinois Attorney Registration and Disciplinary System each year and pay dues, whereas, attorney membership with the Illinois Bar is voluntarily

67. The Illinois Supreme Court has had exclusive control over its rules for over 50 years and it has been aware of the difference between the ARDC and the Illinois bar, yet it never changed its rules

68. Ms. Lowery was not a member of the Illinois bar after June 30, 2023 and therefore the charges filed against Ms. Lowery in September of 2023 were improper.

69. Ms. Lowery is retired from the ARDC effective December 31, 2023.

70. While such an argument would not normally be made to a federal judge, in this case it is a very fair application of the Rule. The Illinois Supreme Court has played games, refused to follow their policies and attacked Ms. Lowery without just or reasonable cause.

71. Next, Ms. Lowery had a duty to report the judge's conduct because it was a Rules violation and yet the State of Illinois refuses to follow their policy, they failed to investigate sexual harassment and retaliation. It is only fair, then that the Rules they wrote, be used against them.

72. Next, Retired Chief Justice Lloyd Karmeier stated that he never told the investigator that his conversation with Plaintiff Margaret Lowery was awkward. He further stated he had no idea

Andrew Gleeson had filed so many baseless complaints against Respondent and her former law partner Ronald Wilkinson, who has never been an Illinois Attorney.

73.   Moreover, the Retired Chief Justice of the Illinois Supreme Court stated he told the Administrator the court policy applied on June 27, 2023 and the matter should have been resolved by investigation via the policy before any bar action was filed.

74.   The Illinois Supreme Court Policy know the policy controls and the Illinois Supreme Court argument that it does not apply is a clear indication that they know what they are doing is wrongful and this Court must intervene to at least pause the matter until the facts and the claims can be properly evaluated for fairness.

75.   On the issue of likelihood of success, this case 'shocks the conscience.' It is the seminal case of what the Rules of Law, Due Process, Lawfare and proper bar regulation is suppose to be in the USA.

76.   If the Illinois Supreme Court was vested in 'protecting the public' then the Illinois Supreme Court would have entered a Rule 774 Order summarily suspending Illinois Attorney Ed Burke who is a convicted mobster of 13 federal offenses including racketeering on December 20, 2023.

77.   Instead the Illinois Supreme Court refused to Rule on his 774 Petition claiming they were all conflicted out because Ed Burke the federally convicted mobster is married to the now retired Chief Justice of the Illinois Supreme Court Anne Burke who was under an ethics probe when she retired.

78.   After refusing to emergency suspending Attorney Ed Burke, the Court latter granted his Petition to Transfer to Permanent Retired Status. The Court has refused to grant such

privilege to Ms. Lowery, which is evidence of discrimination.

79. In addition to being a convicted mobster, Ed Burke was caught spewing Jew Hate about Illinois Attorneys as part of his criminal prosecution.   Instead of protecting the public, the Court voted to protect themselves effectively giving a convicted federal felon a law

80. One of the requirements for consideration is the likelihood of success.  While federal courts are courts of limited jurisdiction, they are also known as the courts of last resort.  Where is Ms. Lowery to go if she cannot come to this court to address what is going on in Illinois.

81. This is not a case involving an attorney who has harmed a client, has a criminal conviction, who has stolen client money or even neglect of a client matter; this is about a court system which targets minorities who complain about harassment and discrimination and then improperly use the bar regulatory system to "shut them up."

## ELEMENTS OF EMERGENCY

82. Immediate irreparable harm shall occur because the ARDC intends to violate federal law and enter a default order against Ms. Lowery.

83. Despite being informed that Ms. Lowery is under disability the ARDC refuses to grant her a reasonable accommodation.

84. Ms. Lowery had emergency surgery on April 26, 2024 and was ordered off work by her physician because she has sepsis and is taking Opioid medication which would prevent her from being a competent witness, traveling or presenting a case.

85. The ARDC intends to default Plaintiff tomorrow on May 1, 2024 because the Chair refuses to follow the ADA and expects a woman under disability and on pain medication to appear, testify and present her case.  Her physician has signed an affidavit that the Chairs order will

cause her permanent injury up to and including death.  Dr. Van Schoyck's affidavit is attached as Exhibit H.

86.   Plaintiff requests her records be filed under seal.

87.   Plaintiff's medical records showing the emergency surgery of Plaintiff, her sepsis diagnosis and the reasonable accommodation requested, all as set forth in her physician affidavit as Exhibit H.

88.   A prima facie case for discrimination, retaliation and harassment have been made.

89.   Ms. Lowery has no client complaint and no pending matter of concern in Oklahoma.  In fact, the only complaints Ms. Lowery has ever had is from Andrew Gleeson who as he stated intends to destroy Ms. Lowery's legal career with the assistance of state action, via the Illinois Supreme Court.

WHEREFORE premises considered, Plaintiff prays for an emergency restraining order, a permanent injunction and for such further relief as this Court deems just and proper.

Respectfully submitted,

THE WILKINSON LAW OFFICE

RONALD D. WILKINSON, OBA #
5525 East 51st Street, Suite
Tulsa, OK 74113
(918) 361-9652
RDINOK@GMAIL.com

## **VERIFICATION**

I, Margaret J. Lowery do hereby state that I am currently under disability as set forth by my physician.  I am currently under the effects of powerful opioid medications which affect my ability to practice law.

My attorney prepared a pleading to be filed in federal court on my behalf.  I requested that this pleading be filed in accordance with the Federal Rules of Civil Procedure.

Under penalty of perjury, the documents filed are true and correct to the best of my knowledge and belief while disclosing the nature of Ms. Lowery's disability.

05/01/2024
DATE

MARGARET J. LOWERY

COUNTY OF TULSA          )
                                          )          SS
STATE OF OKLAHOMA    )

　　　　Before me appeared Margaret J. Lowery who affixed her signature to this documents and was known to me as same.

S E A L

ISIAH AKIN
NOTARY
No.
13006051
Expires
1 Jul 2025
PUBLIC
STATE OF OKLAHOMA

# EXHIBIT A

## Re: Receipt of 2018IN04119

**Margaret Lowery** <mlowery@thelowerylawfirm.com>
Mon 10/29/2018 12:14 PM
To: Rotskoff, Peter <PRotskoff@iardc.org>
Cc: Lowry, Kristin <KLowry@iardc.org>
Peter,

Thank you for your professional courtesy. I will also be referring this matter to the JIB.

I am extremely concerned about this judge's mental state. Last week, I received telephone calls from two judges who indicate Judge Gleeson is soliciting bar complaints against me and he is pumping them for personal information about me.

I do not appear in Judge Gleeson's court room as a practicing attorney and other than a passing comment at a bar CLE, I have never had a conversation with him. Yet he is displaying a very unhealthy obsession with me, a single female corporate healthcare attorney. Whether this is in retaliation for my being a JIB witness, a mental heath issue or from some other reason, I do not know. But I believe it is time that someone address it and address the propriety of his actions.

Should I cc you when I send in the materials to the JIB?

Margaret J. Lowery


Sent from my iPad

# EXHIBIT B

Amended September 2019



# Supreme Court of Illinois
## Administrative Office of the Illinois Courts

> **SUPREME COURT OF ILLINOIS**
> **NON-DISCRIMINATION AND ANTI-HARASSMENT POLICY**

## I.    Policy Statement

It is the policy of the Supreme Court of Illinois to provide a work environment free from unlawful discrimination and harassment. Discrimination and harassment based on race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental disability, military status, sexual orientation, pregnancy, genetic information, or any other basis as provided by law, are prohibited. Discrimination and harassment are inappropriate, offensive, and will not be tolerated.

## II.    Definitions

**A.**    **Administrative Authority** is the official or designee with the primary responsibility to supervise and coordinate the administration of a court or court office over which he or she presides. Examples of administrative authorities include the Chief Justice of the Supreme Court, the Chairperson of the Executive Committee of the First District Appellate Court, the Presiding Judges of the 2nd, 3rd, 4th, and 5th District Appellate Courts, Chief Circuit Judges, the Administrative Director, the Supreme Court Marshal, the Reporter of Decisions, the Supreme Court Librarian, the Chief Internal Auditor, and the Clerks of the Supreme Court and the Appellate Court.

**B.**    **Discrimination** is unfavorable treatment of an individual, involving any term or condition of employment, based on that individual's race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental disability, military status, sexual orientation, pregnancy, genetic information, or any other basis, as provided by law.

**C.**    **Employee** means state-paid full-time and part-time judicial branch employees.

**D.**    **Harassment** is verbal or physical conduct that is directed at an individual because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental disability, military status, sexual orientation, pregnancy, genetic information, or any other basis, as provided by law, and is sufficiently severe, pervasive, or persistent so as to have the purpose or effect of creating a hostile environment.

**E.**    **Manager** means judges and judicial branch employees responsible for the supervision of others. The definition of Manager is not restricted to Administrative Authorities.

**F.**    **Retaliation** is an adverse action, performed directly or through others, that would deter a reasonable person from reporting or participating in the investigation of conduct prohibited by this policy. Adverse actions may include, but are not limited to, termination, negative performance evaluations, discipline, demotion, reassignment, or

reduction in pay.

G. **Sexual harassment** is any sexual advance, request for sexual favor, or verbal or physical conduct of a sexual nature when:

1. Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment;

2. An individual's submission to or rejection of such conduct is the basis for employment decisions affecting such individual;

3. Such conduct has the purpose or effect of substantially interfering with an individual's work performance; or

4. Such conduct creates an intimidating, hostile, or offensive working environment, such that a reasonable person would find the environment to be hostile or abusive.

H. A **third party** is any individual who is not a judge or state-paid judicial branch employee but who interacts with judges and judicial branch employees, including, but not limited to, Supreme Court Committee/Commission/Board members, Illinois Judicial Conference members, Illinois Judicial College members, faculty and students, applicants for employment, lawyers, vendors, contractors, volunteers, court users, students, unpaid interns/externs/law clerks, bailiffs, court security, circuit clerk staff, and other judicial branch partners.

## III.    Applicability

This policy shall be applicable to all judges of the Circuit, Appellate, and Supreme Courts of Illinois, state-paid judicial branch employees whether full-time, part-time, temporary, or contractual, including administrative authorities, managers, and third parties.

## IV.    Examples of Prohibited Conduct

The conduct described below may be a violation of this policy. Whether conduct violates this policy and is subject to discipline will be analyzed on a case-by-case basis, taking into consideration all relevant facts and circumstances. These examples are used for illustrative purposes and do not include all conduct that may violate this policy.

A. **Physical**

1. Unwelcome, sexually-motivated, or inappropriate physical contact such as touching, patting, squeezing, hugging, kissing, pinching, brushing of or by the body, or other sexual contact.

2. Touching oneself sexually in view of another or exposing oneself.

3. Mocking or imitating the speech, hearing, walk, or movement of a person with a disability; mocking identifiable characteristics of an individual or group of a protected status.

4. Physical assaults or threats.

**B.    Verbal**

1.    Comments or discussions of a sexual nature.

2.    Unwelcome requests for dates or for sexual activity.

3.    Demands for sexual favors or promises of preferential treatment with regard to an individual's employment status accompanied by implied or overt threats concerning an individual's employment status.

4.    Sexual innuendoes, flirtation, suggestive comments, jokes of a sexual nature, sexual propositions, or sexual remarks.

5.    Negative treatment or threats of negative treatment for refusing to submit to sexual conduct or participate in any prohibited conduct or activity.

6.    Verbal abuse, innuendo, jokes, remarks, epithets, or slurs based upon race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental disability, military status, sexual orientation, pregnancy, genetic information, or any other basis provided by law.

7.    Imitating a person's speech or accent.

8.    Obscene or lewd sexual comments.

9.    Using slang names or labels that may be considered derogatory or too familiar, such as, honey, sweetie, dear, darling, boy, girl, or other terms people may find offensive.

10.    Talking about or calling attention to an individual's body or characteristics in a sexual or embarrassing way.

**C.    Nonverbal**

1.    Staring, leering, ogling, or whistling.

2.    Obscene or suggestive gestures.

3.    Display of objects or pictures, such as content displayed on a computer screen, cell phone, magazines, posters, calendars, cartoons, or jokes that are sexually suggestive or explicit or disparage people based upon race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental disability, military status, sexual orientation, pregnancy, genetic information, or any other basis, as provided by law.

4.    Transmitting e-mails, instant messages, texts, or other correspondence that include content that is sexually suggestive or explicit or disparage people based upon race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental disability, military status, sexual orientation, pregnancy, genetic information, or any other basis, as provided by law.

5. Sexually suggestive looks, sexually suggestive or insulting sounds (whistling, catcalls, smacking or kissing noises), or obscene or sexually suggestive bodily gestures.

## V.    Discrimination and Harassment Complaint Procedures

Discrimination and harassment will not be tolerated. Persons subject to this policy are encouraged to report all incidents of discrimination and harassment as soon as possible after the incident occurs to the individuals identified below, even where the discrimination or harassment was not directed at the complainant. Managers with knowledge of conduct that may be in violation of this policy are required to report such conduct, even in the absence of a complaint.

In all matters, the Administrative Office of the Illinois Courts (AOIC) and its staff are authorized to secure additional information and follow-up on any complaint of discrimination and harassment.

All reports of discrimination and harassment will be taken seriously and are subject to investigation. The scope of the investigation will vary based on the nature of the complaint and other factors. Any person subject to this policy who believes he or she has been or is being subjected to discrimination or harassment or has witnessed an individual being subjected to discrimination or harassment should follow the complaint procedure outlined below.

Judges and lawyers may have mandatory reporting responsibilities beyond this policy pursuant to the Code of Judicial Conduct or the Rules of Professional Conduct. Complainants may also report any judge accused of committing an act of discrimination or harassment to the Judicial Inquiry Board at (312) 814-5554 and any lawyer accused of committing an act of discrimination or harassment to the Attorney Registration & Disciplinary Commission at (312) 565-2600.

### A.    Procedure

1.    Initial Steps

Any individual subject to this policy who feels that he or she has been or is being subjected to discrimination or harassment or who has witnessed discrimination or harassment may choose to direct the offending party to stop. If the individual does not feel comfortable confronting the offending party or if the conduct continues after directing the offending party to stop, the individual should report the conduct to any of the following individuals:

a.    Immediate manager of the complainant or the offending party;

b.    Administrative authority of the complainant or the offending party;

c.    Assistant Director, Human Resources or Human Resource Manager of the Administrative Office of the Illinois Courts ("Administrative Office");

d.    Administrative Director; or

e.    Chief Justice (where offending party is a Chief Judge, a Presiding Judge of the Appellate Courts, the Chair of the Executive Committee of the First District Appellate Court, or the Administrative Director).

2.   The complainant may be asked to provide information in writing, which may include, but is not limited to, the following:

   a.   The name of the alleged offending party;

   b.   The name of the complainant (and the name of the individual being harassed or subject to discrimination, if different than the complainant);

   c.   A description of the incident(s), including the date(s), time(s), and location(s);

   d.   A list of witnesses to the incident(s);

   e.   The steps taken to stop the discrimination or harassment, if any; and

   f.   Any other information the complainant believes to be relevant.

**B.   Complaint Response**

The interests of all parties are best served by the prompt investigation and resolution of discrimination and harassment complaints. The complaint shall be promptly investigated and every attempt shall be made to promptly resolve the complaint where evidence of discrimination or harassment is found.

Managers receiving a complaint about an employee, a judge, or a third party shall notify the appropriate administrative authority, outlined below and the Administrative Office within five business days. The administrative authority or the administrative authority's designee, as outlined below, in consultation with the Administrative Office shall ensure that complaints are promptly investigated and that appropriate action is taken to resolve the complaint.

When an administrative authority has received a complaint alleging discrimination or harassment, he or she shall promptly initiate an investigation of the complaint. At any time, the Administrative Office may determine and direct that the investigation shall be managed jointly with or solely by the Administrative Office.

1.   **Complaints Against Employees**

   Managers receiving a complaint against an employee shall notify the employee's administrative authority. The employee's administrative authority or the administrative authority's designee shall promptly initiate an investigation of the complaint and take appropriate action.

2.   **Complaints Against Judges**

   In all cases involving a judge as an alleged offending party where evidence of discrimination or harassment is found, the matter shall be forwarded to the Judicial Inquiry Board by the investigating party.

a.   **Circuit Court Judges**

Managers receiving a complaint against a circuit court judge shall notify the Chief Circuit Judge within five business days. The Chief Circuit Judge or a designee shall promptly initiate an investigation of the complaint and take appropriate action. If a complaint is made against the Chief Circuit Judge, the Chief Justice or a designee shall initiate an investigation and take appropriate action.

b.   **Appellate Court Judges**

Managers receiving a complaint against an appellate court judge shall notify the Presiding Judge or Executive Committee Chair in the Appellate District where the alleged offending appellate judge presides. The Presiding Judge or Executive Committee Chair or a designee shall promptly initiate an investigation of the complaint and take appropriate action. If a complaint is made against the Presiding Judge or Executive Committee Chair of an Appellate District, the Chief Justice or a designee shall initiate an investigation and take appropriate action.

c.   **Supreme Court Justices**

If a complaint is made against a Supreme Court Justice, it shall be reported to the Chief Justice. The Chief Justice shall promptly initiate an investigation of the complaint and take appropriate action. If a complaint is made against the Chief Justice, the most senior Supreme Court Justice shall initiate an investigation and take appropriate action.

3.   **Complaints of Discrimination and Harassment Against Non-Employees/Third Parties**

Managers shall report complaints of discrimination or harassment against a third party to the appropriate administrative authority. The administrative authority shall promptly initiate an investigation of the complaint and take appropriate action.

C.   **Investigation**

If the allegation warrants, the investigation may include, but is not limited to, the following steps:

1.   The administrative authority or a designee may interview the complainant to gather a true and complete account of the allegations. Where practical and relevant, the administrative authority may also interview witnesses. The complainant and witnesses shall be informed that retaliation is prohibited and should be immediately reported as provided in this policy.

2.   The administrative authority or a designee may interview the individual alleged to have engaged in discrimination or harassment and inform the individual that a complaint has been made against him or her. The individual shall be informed that retaliation will not be tolerated.

3. The administrative authority or a designee may review any other relevant information or evidence and interview any other relevant witnesses.

The investigation shall include the following steps:

1. The administrative authority or a designee shall make a written record of the interviews, if any.

2. The administrative authority or a designee shall prepare a written summary of findings and, if evidence of harassment or discrimination exists, provide recommendations for discipline.

3. The administrative authority shall notify the complainant and the respondent of the results of the investigation in writing.

**D.     Retaliation Prohibited**

Retaliation against any individual who reports discrimination or harassment or participates in an investigation is prohibited. Any employee who is found to have engaged in retaliation in  violation     of this policy will be subject to discipline, up to and including termination. If a judge is found to have engaged in retaliation, the Chief Circuit Judge, Presiding Judge, or Chief Justice shall take appropriate action. Third parties who are found to have engaged in retaliation in violation of this policy will be subject to appropriate action. Allegations of retaliation should be reported pursuant to the complaint procedure in this policy.

**E.     False Statements**

False statements and allegations during the complaint or investigation process are strictly prohibited. Individuals who knowingly file a false complaint of discrimination or harassment or provide false information during the course of an investigation may be subject to disciplinary action, up to and including termination.

**F.     Confidentiality**

Complaints of discrimination and harassment will be treated as confidential to the extent possible, though complete confidentiality cannot be guaranteed. The investigation process may require the sharing of relevant information with others, such as witnesses and managers.

**G.     Corrective Action**

Administrative authorities shall take prompt and appropriate corrective action when evidence supports a claim of discrimination or harassment. Violation of this policy by Judicial Branch employees shall result in discipline up to and including termination.

Violation of this policy by judges shall result in appropriate action by the Chief Judge, Presiding Justice or Executive Committee Chair, or Chief Justice, and shall include a report to the Judicial Inquiry Board.

Violation of this policy by third parties shall result in appropriate action that will depend upon the facts and circumstances, including the relationship between the third party and the Judicial Branch. The administrative authority, in consultation with the Administrative Office, will determine an

appropriate action and communicate such action to the third party and his or her employer, if any.

Judges and lawyers responsible for investigating and administering corrective action are encouraged to review their ethical obligations under the Code of Judicial Conduct or the Illinois Rules of Professional Conduct. Judges and lawyers may have additional reporting responsibilities beyond that provided by this policy.

### H.    Further Information

Any employee who has questions about this policy should contact the Human Resources Division of the Administrative Office of the Illinois Courts at (312) 793-3250 or (217) 558-4490.

## VII.    Review of Policy and Procedures

The Administrative Office shall from time-to-time review this policy and its procedures and submit recommended changes to the Supreme Court.

## VIII.    Administrative Authority & Manager Responsibilities

Administrative authorities and managers of the Illinois judicial branch shall:

   a.   Ensure that their workplaces are free of discrimination and harassment.

   b.   Support training on discrimination, harassment, and this policy.

   c.   Prominently post and distribute this policy.

   d.   Encourage employees to report discrimination and harassment.

   e.   Regularly discuss the contents of this policy with staff and third parties.

   f.   Model behavior consistent with these guidelines.

   g.   Respond to reported and unreported acts of discrimination or harassment.

   h.   Report discrimination or harassment to the appropriate office or officer.

   i.   Cooperate and participate in good faith with investigations of discrimination and harassment.

   j.   Take appropriate action where a finding of discrimination or harassment is made.

Managers who participate in, allow, or tolerate discrimination, harassment, or retaliation may be subject to discipline up to and including termination and reporting to the Judicial Inquiry Board for those managers that are judges.

## IX.    Appeals

Within 10 business days of notification of the results of an investigation, the complainant or respondent may notify the investigating administrative authority of his or her wish to appeal the determination as to whether the Policy was violated. If the administrative authority receives timely

notice of appeal, the administrative authority shall refer the matter to an alternate administrative authority for further review. Review of discrimination and harassment proceedings may be sought from a Chief Circuit Judge, the Presiding Judge of each Appellate Court, the Chair of the Executive Committee of the First District Appellate Court, or the Administrative Director.

The reviewing administrative authority shall promptly review the file, including notes, memoranda, reports, evidence, and findings, and determine whether the file supports the decision rendered by the referring administrative authority. If the file does not support the decision rendered by the referring administrative authority, the matter shall be returned to the referring administrative authority for reconsideration. If the findings support the decision of the referring administrative authority, the matter shall be closed.

## X.  Disclaimer

This policy does not limit or restrict complainants from reporting discrimination or harassment to any other party, including but not limited to law enforcement, attorneys, or administrative agencies.

# EXHIBIT C



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523  (800) 252-8048
Fax (217) 546-3785

Margaret Jean Lowery
Lowery Law PC
521 West Main Street, Suite 201 C
Belleville, IL  62220-1533

**REPLY TO SPRINGFIELD**

Springfield
January 15, 2019

Re:   Margaret Jean Lowery
      Admin.'s Investigation
      No. 2019IN00186

Dear Ms. Lowery:

        We have received a communication regarding your conduct from Honorable Andrew Gleeson.  A copy is enclosed.   Based upon the enclosed communication, we have initiated the above investigation.

        To assist us in evaluating this matter, please send me a letter in duplicate within fourteen days setting forth the material facts relating to the matters raised in the enclosed communication. Attach copies of any relevant documents.  Please do not staple your response or attachments.

        A copy of your response may be sent to Judge Gleeson for comment.  Thank you for your cooperation.

                          Very truly yours,

                          Peter L. Rotskoff
                          Chief of Litigation
                          ARDC Litigation Division

PLR:jlj
Enclosure
MAINLIB_#1111847_v1

# TWENTIETH JUDICIAL CIRCUIT
### State of Illinois

HON. ANDREW J. GLEESON
Chief Circuit Judge



**St. Clair County Court House**
10 Public Square
Belleville, Illinois 62220-1623

(618) 277-7325
Fax (618) 277-1398

## RECEIVED

December 31, 2018

JAN 0 9 2019

ATTY. REG. & DISC. COMM.
SPRINGFIELD

## RECEIVED

JAN 07 2019

ATTY REG & DISC COMM
~ CHICAGO

Mr. Peter L. Rotskoff
Chief of Litigation, ARDC Litigation Division
Attorney Registration and Disciplinary Commission
One Prudential Plaza
130 E. Randolph Dr., Suite 1500
Chicago, IL  60601

> RE:   Margaret Jean Lowery
>        in relation to
>        Administrator's Investigation
>        No. 2017IN01817

Dear Mr. Rotskoff:

I believe I have a *Himmel* obligation to report the following.   It is a continuation of a common theme, by common people who continuously violate their ethical obligations.  I would provide much more detail but given the continual pattern of the last eighteen months by the same cast of characters, I'm not sure what it would add to the clear and consistent pattern that exists.

### COUNT I

In October of 2018 a website "Fire the Liar Judge Andrew J. Gleeson.com" appeared on the Facebook site of Madeline M. Dinmont.  I have reason to believe that Madeline M. Dinmont is a fictitious Facebook site controlled by Margaret J. Lowery, Circuit Judge Ronald R. Duebbert and others.  This Facebook page was utilized to disseminate scurrilous accusations  that I am a white supremacist and to sully the judicial reputation of Chief Judge Andrew J. Gleeson.

Ms. Lowery in violation of her ethical obligations consorted and conspired with Judge Ronald R. Duebbert to hold the court in ill repute.

This information was disseminated to the public at large and appeared on the Facebook site Donna Y. Ayers for Mayor, a familiar name in the Lowery/Duebbert saga.   Exhibit "A" attached.



## COUNT II

On or about October 23, 2018 the Facebook page of Madeline M. Dinmont, which I have a reason to believe is controlled by Margaret J. Lowery, Circuit Judge Ronald R. Duebbert and others, posted a scurrilous trilogy which I will not comment on because I believe the ethical violations speak for themselves. Exhibit "B" attached.

## COUNT III

I have reason to believe that Margaret J. Lowery consorted and conspired with Circuit Judge Ronald R. Duebbert and others to violate the State of Illinois election laws in clear violation of their ethical obligations.  Exhibit "C" attached.

Sincerely,

Andrew J. Gleeson
Chief Judge

AJG:mb
Enclosures

# WHAT IS JUSTICE FOR KANE (JFK)?



## A Child Dies From Abuse

Kane Friess-Wylie was the grandson of Lori Friess who is the founder of Justice For Kane. The little boy was tragically killed from child abuse allegedly at the hands of the mother's ex-boyfriend, Gyasie Campbell.

## What JFK Isn't Telling You About Its Founder!

The Founder of the Justice For Kane is the subject of an order for protection for, domestic violence and multiple convictions for violating the order of protection. In addition, she has a conviction for DUI and current charges pending for driving without a license and insurance. In all she has been the subject of over 37 criminal charges in St. Clair County. In addition, DCFS found the founder's home unsuitable for a child.

**FIND OUT MORE!**

## JFK is a WHITE SUPREMACIST GROUP!

JFK is a front for a WHITE SUPREMACIST GROUP called the National Association for Majority Equality which Judge Gleeson supports. That is why they are targeting judges of color and that is why their members are exclusively white.

## Why Judge Gleeson Must Go!

Judge Zina Cruse is a female African American Judge from East St. Louis. The Justice For Kane anti-retention campaign is the product of a white supremacist group supported by Gleeson to keep minority judges off the bench thereby preserving white male privilege.



EXHIBIT
A





# Vote No Retention!



>< 1                                                                    1 Share



# More Proof!



1

1 Comment

 Like  Comment  Share





Madeline M. Dinmont

OSU Center for Health Sciences

Madeline's Photos



## Posts from Friends



**Madeline... ▷ Carolin...** · Sep 15, 2015 ...
Caroline Lowery commented on this

Congrats Caroline, Go Thetas!

Caroline Lowery          1 Comment

See All ⟩

## Public Posts

# Judge Andrew J. Gleeson for Circuit Judge
### 4010 North Illinois Street, Ste. 3
### Belleville, IL 62226

Mr. Patrick Gleeson
Chairman
2800 West Main Street
Belleville, IL 62226

Mr. John Craig Simpson
Treasurer
4010 North Illinois Street, Ste. 3
Belleville, IL 62226

November 8, 2018

Mr. Steve Sandvoss
Executive Director
Illinois State Board of Elections
2329 S. Macarthur Boulevard
Springfield, IL   62704

      RE:   Guy Doncarlos

Dear Mr. Sandvoss:

      I believe that a violation of 10 ILCS 5/9-8.6 has been committed by Guy Doncarlos, 2406 Patrick Dr., Belleville, IL   62220.  Mr. Guy Doncarlos was responsible for the public display of "No for Gleeson" signs in a judicial retention campaign.

      Mr. Doncarlos publicly claimed that he had a thousand signs to display and at a minimum of $25.00 per sign that puts his expenditure greatly in excess of the Statute.

      As of today's date no accounting or reporting on this expenditure has been filed.

         Sincerely,

         Patrick Gleeson

Enclosure



EXHIBIT
C



ommends Republican David Dugan, who serves by appointment as circuit judge in Madison County, over Collinsville attorney Marc Parker, Democrat, to fill the vacancy of John Barberis, elected appellate court justice in 2016.

See ICJL, Page 8

According to records from the Illinois State Board of Elections, most of the cash contributed for the year by the top 15 funds that are making their way to Madigan candidates - has come in September

See CONTRIBUTIONS, Page 2

# stery partly solved by camera; But says signs in right of way are wrong



ly when others were not

ribes himself as an "unconservative crusader" f Chief Judge Andrew oving the sign was an a political participant's

ealing a campaign sign lue is a Class A misdep to one year in jail and

e political process have

every right to expect they can participate in a campaign without the defacing and stealing of their property," he said.

He argues that only municipal or county officials are allowed to remove signs if their placement violates code, but in any case, signs that are removed must be taken to the controlling law enforcement office for the property's safekeeping.

"Do you abandon your car when it is parked in a public parking lot?" he said.

So far, approximately 100 signs have been stolen and approximately 25 have been "defaced" with a white and red "Yes" sign being placed over "No," according to Don Carlos.

"Repairing" the "vandalized" signs has involved spraying "No" red paint over "Yes," he said.

"It actually works pretty good."

Don Carlos said he placed cameras in various locations near the signs out of frustration in order

to identify persons stealing or defacing them. He said that if theft continues, he will report to law enforcement.

He asserts that "pro-Gleeson" signs are not being stolen or defaced, but if they were, he said he would expect the full force of law against wrong-doers going up against Democrat candidates.

He said doesn't know who dropped "a bunch of signs" on his porch recently, but he took it upon himself to place them in locations throughout the judicial circuit in St. Clair, Monroe, Perry, Randolph and Washington counties.

St. Clair County GOP chair Barb Viviano said she "guarantees" the county Republican organization did not pay for or produce the signs.

As to whether sign stealing is an effective campaign tactic, this pundit weighing in on the

See TRENTMAN, Page 8

---

re facilities;



to the president was,

Adler says that what situation is "not just ut an abuse of public

e promised "I voted" happening is "em-s."

See VIDEO, Page 8

## Republican candidate in long shot bid for bench pulls few punches in attack against 'elitist' system

BY JOHN BRESLIN

Republican Katherine Ruocco is pulling few punches in the last week of her long shot bid for a place on the bench as a Twentieth Judicial circuit judge.

A Belleville-based lawyer, Ruocco, who has self funded her campaign against Associate Judge Heinz Rudolf, is forceful in her criticism of what she believes is the way too cozy relationship between the legal community of Belleville and beyond, and the bench.

"Our current system appears fair at face value, but the establishment has created a system to control bench access which makes it difficult for anyone other than the elite and powerful to serve," Ruocco told the Record.

But Rudolf, appointed associate judge a dozen years ago, believes he has the proven experience, and the "Integrity, impartiality and temperament" to step up to the position of circuit



Ruocco



Rudolph

judge.

Rudolf did not respond to requests from the Record for comment, including answers to written questions, but did reply to a questionnaire sent out by the Illinois Civil Justice League (ICJL), which is mainly made up of trade and business groups.

Rudolf cites the high ratings in the Illinois State Bar Association (ISBA) poll of attorneys, regularly in the 90s, as an indicator of his experience, expertise, and the regard he is held within the legal community.

Ruocco, of Swansea and in private practice in Belleville for nearly 15 years and who received ratings in the

See RUOCCO, Page 8



# EXHIBIT D

# TWENTIETH JUDICIAL CIRCUIT
### State of Illinois

HON. ANDREW J. GLEESON
*Chief Circuit Judge*



St. Clair County Court House
10 Public Square
Belleville, Illinois 62220-1623

(618) 277-7325
Fax (618) 277-1398

October 31, 2022

RECEIVED

NOV 04 2022

Office of the General Counsel
Oklahoma Bar Association

Office of General Counsel
Oklahoma Bar Association
P.O. Box 53036
Oklahoma City, OK  73152-3036

IN RE:  Margaret Jean Lowery
The Lowery Law Firm
1624 Carlyle Ave., Suite 516
Belleville, IL  62221-4558
618-741-6600
Bar No. 12138

To Whom It May Concern:

Enclosed please find documents posted by Ms. Margaret Jean Lowery on her Twitter account Margaret J Lowery@the lowerylawfirm. These published statements by Mr. Ronald David Wilkinson and Bradley VanHoose are violative of Rule 8.2(a) of the Oklahoma Rules of Professional Conduct. By publishing these false statements with reckless disregard as to their truth or falsity concerning an Illinois Circuit Judge and adjudicatory bodies of the Illinois Supreme Court, namely:  Chief Circuit Judge Andrew J. Gleeson, the Attorney Responsibility and Disciplinary Commission and its affiliated Hearing and Review Boards, Ms. Lowery is holding the Court in ill repute.

In my prior correspondence regarding Ronald David Wilkinson I forwarded hard copies of both the Hearing and Review Board Reports and Recommendations. These are both available online at the Illinois Attorney Registration and Disciplinary Commission website cited as In Re Margaret Jean Lowery, 2020PR00018.

Finally, I have enclosed a completed Grievance Form in this matter in the event that it is a filing prerequisite to initiating an investigation.

Sincerely,

Andrew J. Gleeson
Chief Judge

AJG:mb
Enclosures



## TWENTIETH JUDICIAL CIRCUIT
### State of Illinois

HON. ANDREW J. GLEESON
Chief Circuit Judge

St. Clair County Court House
10 Public Square
Belleville, Illinois 62220-1623

(618) 277-7325
Fax (618) 277-1398

October 19, 2022

RECEIVED

OCT 2 5 2022

ATTY REG & DISC COMM
CHICAGO -

Mr. Peter L. Rotskoff
Chief of Litigation, ARDC Litigation Division
Attorney Registration and Disciplinary Commission
One Prudential Plaza
130 E. Randolph Dr., Suite 1500
Chicago, IL  60601

RE:   Margaret Jean Lowery

Dear Mr. Rotskoff:

Enclosed please find copies of voluminous Twitter posts by Ms. Lowery from October 14 through October 17, 2022 which contain violations of Rule 8.2.

Of particular note are the press releases of Attorney Ronald D. Wilkinson and Brad Vanhoose (which was retweeted by Ms. Lowery). I place these two documents on the top for emphasis as they are also in the body of the document group in the order of publication.

Pursuant to my *Himmel* reporting responsibility, I forward these documents to the ARDC. Thank you.

S'

Andrew J. Gleeson
Chief Judge

AJG:mb
Enclosures



Complaint
#12



## TWENTIETH JUDICIAL CIRCUIT
### State of Illinois

HON. ANDREW J. GLEESON
Chief Circuit Judge

St. Clair County Court House
10 Public Square
Belleville, Illinois 62220-1623

(618) 277-7325
Fax (618) 277-1398

October 25, 2022

Mr. Peter L. Rotskoff
Chief of Litigation, ARDC Litigation Division
Attorney Registration and Disciplinary Commission
One Prudential Plaza
130 E. Randolph Dr., Suite 1500
Chicago, IL   60601

RE:   Margaret Jean Lowery

Dear Mr. Rotskoff:

Enclosed please find an additional Facebook post published on or about October 24, 2022 by Ms. Lowery that holds the Court in ill repute in violation of Rule 8.2.

Pursuant to my *Himmel* reporting requirements, I forward same to the ARDC.

Sincerely,

Andrew J. Gleeson
Chief Judge

AJG:mb
Enclosure



# OKLAHOMA BAR ASSOCIATION

Office of the General Counsel

November 10, 2022

Margaret Jean Lowery
Attorney at Law
1624 Carlyle Ave., Suite 516
Belleville, IL 62221

RE: Grievance by Hon. Andrew Gleeson, DC-22-169

Dear Ms. Lowery:

We have received a grievance filed against you by the above-named individual. A copy of this grievance is enclosed. We have opened this matter for formal investigation, and you are required to respond within twenty (20) days as set forth in Rule 5.2, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. Ch. 1, App. 1-A.

This grievance will be presented to the Professional Responsibility Commission, along with your response and the results of our independent investigation. The Commission will then decide what action, if any, to take concerning the grievance.

Our investigation will address, but is not limited to, the alleged violation of the following Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3-A:

Rules 8.2 and 8.4(a) and RGDP, Rule 1.3

A copy of your response will be furnished to the complainant, if appropriate. No particular form is prescribed for responding to the grievance. Please include copies of any documents you have or statements of others that are relevant to the grievance so that this matter may be promptly concluded. If you choose to fax your response in order to meet the twenty (20) day deadline, **you must still mail or deliver your original response, endorsed with your signature, to this office.**

If you need additional time to respond, have questions regarding the procedure, or simply wish to talk to an attorney about your grievance, please contact our office.

Sincerely,

Tracy Pierce Nester
Assistant General Counsel

TPN/mf

Enclosure

1901 North Lincoln Blvd.
P.O. Box 53036
Oklahoma City, OK 73152-3036
office 405.416.7007
fax 405.416.7003
toll free 800.522.8065

www.okbar.org

Lowery, MJ - Bates #00001

# TWENTIETH JUDICIAL CIRCUIT
### State of Illinois

HON. ANDREW J. GLEESON
**Chief Circuit Judge**



St. Clair County Court House
10 Public Square
Belleville, Illinois 62220-1623

**(618) 277-7325**
**Fax (618) 277-1398**

October 31, 2022

RECEIVED

NOV 0 4 2022

Office of the General Counsel
Oklahoma Bar Association

Office of General Counsel
Oklahoma Bar Association
P.O. Box 53036
Oklahoma City, OK   73152-3036

IN RE:     Margaret Jean Lowery
The Lowery Law Firm
1624 Carlyle Ave., Suite 516
Belleville, IL   62221-4558
618-741-6600
Bar No. 12138

To Whom It May Concern:

Enclosed please find documents posted by Ms. Margaret Jean Lowery on her Twitter account Margaret J Lowery@the lowerylawfirm.  These published statements by Mr. Ronald David Wilkinson and Bradley VanHoose are violative of Rule 8.2(a) of the Oklahoma Rules of Professional Conduct.  By publishing these false statements with reckless disregard as to their truth or falsity concerning an Illinois Circuit Judge and adjudicatory bodies of the Illinois Supreme Court, namely:  Chief Circuit Judge Andrew J. Gleeson, the Attorney Responsibility and Disciplinary Commission and its affiliated Hearing and Review Boards, Ms. Lowery is holding the Court in ill repute.

In my prior correspondence regarding Ronald David Wilkinson I forwarded hard copies of both the Hearing and Review Board Reports and Recommendations.  These are both available online at the Illinois Attorney Registration and Disciplinary Commission website cited as In Re Margaret Jean Lowery, 2020PR00018.

Finally, I have enclosed a completed Grievance Form in this matter in the event that it is a filing prerequisite to initiating an investigation.

Sincerely,

Andrew J. Gleeson
Chief Judge

AJG:mb
Enclosures

<u>GRIEVANCE FORM</u>                              PAGE ONE

**RETURN FORM TO:**    Office of the General Counsel
Oklahoma Bar Association
P.O. Box 53036
Oklahoma City, OK  73152

**Complainant Information:**

Prefix:    ☒ Mr. ☐ Mrs. ☐ Ms.

First Name: _ANDREW_                              Date of birth: _10/20/1959_

Middle Name: _JOSEPH_                             Email: _ogle@co.st-clair.il.us_

Last Name: _GLEESON_                              Telephone:

Address: _10 PUBLIC Square_                              Home: _____

City: _Belleville_                              Business: _618-825-2536_

State: _IL_   Zip code: _62220-1398_                              Mobile: _____

**Attorney against whom you wish to file a grievance: (NO LAW FIRMS)**

Prefix:    ☐ Mr. ☐ Mrs. ☒ Ms.

First Name: _MARGARET_

Middle Name: _JEAN_                              Telephone:

Last Name: _LOWERY_                              Business: _618-781-6600_

Address: _1624 CARLYLE AVE Suite 96_                              Home: _____

City: _Belleville_                              Mobile: _____

State: _IL_ Zip code: _62221-4558_                              Email: _____

1. Did you employ the attorney? Yes _____ No _X_
   a. Approximate date you employed the attorney: _____
   b. Was there a written agreement for services? Yes _____ No _____
      (If yes, attach copy)
   c. What, if any, was the amount paid to the attorney? _____
   d. Date Paid: _____ (attach proof of payment)

**\* \* \* DO NOT WRITE ON BACK OF FORM \* \* \***

**\* \* \* DO NOT SEND ORIGINAL DOCUMENTS, PROVIDE COPIES
AS ORIGINALS CANNOT BE RETURNED \* \* \***

<u>GRIEVANCE FORM</u>                                    **PAGE TWO**

2.    If you did not employ the attorney, what is your connection to him/her?
_Disaplinary matters in the State of Illinois_

3.    Please furnish the following information, if available:
      a. Name of Court/County: _ARDC_
      b. Case Number: _2020 PR·0001B_
      c. Title of Suit: _IN RE: MARGARET JEAN_ vs. _LOWERY_

      d. Approximate Date case was filed: _3/10/2020_

4.    If you are or have been represented by any other attorney with regard to this same matter, state the name and address of the other attorney:

      Name: _____
      Address: _____
      City: _____
      State: _____ Zip code: _____

5.    If you have made a grievance about this same matter to any other Official or Agency, state its (their) name(s), and the approximate date you reported it:

      _____
      _____

6.    In the event a disciplinary hearing is held, would you be willing to appear and testify as a witness?  Yes _X_  No _____

*** DO NOT WRITE ON BACK OF FORM ***

*** DO NOT SEND ORIGINAL EXHIBITS, PROVIDE COPIES
AS ORIGINALS CANNOT BE RETURNED ***

<u>**GRIEVANCE FORM**</u>                          **PAGE THREE**

7.    Names and addresses of witnesses to this grievance:

A. _RONALD WILKINSON_ B. _____ C. _____
   Name                    Name                      Name
_5502 SOUTH JOPLIN AVE_   _____    _____
   Address                  Address                   Address
_TULSA_                   _____    _____
   City                     City                      City
_OKLAHOMA 74135_          _____    _____
   State         Zip        State        Zip          State        Zip
_918-361-9652_            _____    _____
   Telephone Number(s)      Telephone Number(s)       Telephone Number(s)
_RDAVIDWILKINSON@_        _____    _____
   Email Address   _MSN.COM_ Email Address            Email Address

8.    Nature of grievance against the attorney explained in full detail. (Use a separate
      piece of paper if necessary). If you employed the attorney, state what you
      employed him/her to do. Include what the attorney did or did not do. Further
      information may be requested.

      _See attached_
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____

**I hereby certify that I have read the foregoing matters and that they are true
and correct to the best of my knowledge.**                _10/31/2022_

Your Signature _____            Date _____

**This grievance form <u>must</u> be signed before it can be considered.
It is imperative that you notify this office of an address change.
If you are not available as a witness, your grievance may be dismissed.**

## FW: New Complaint- Lowery

Tracy Nester <TracyN@okbar.org>

Mon 10/16/2023 4:37 PM

To:Margaret Lowery <mlowery@thelowerylawfirm.com>
Cc:Les Arnold <LesA@okbar.org>

📎 1 attachments (151 KB)

MAINLIB-#1666091-v1-Complaint_-_Lowery.PDF;

Hi Tracy: I hope you are doing well. Attached is a new complaint we filed against Margaret Lowery which is now public. No hearing date has been set.
Let me know if you have questions or concerns. Thanks.

**From:** Rotskoff, Peter <PRotskoff@iardc.org>
**Sent:** Tuesday, September 26, 2023 4:03 PM
**To:** Tracy Nester <TracyN@okbar.org>
**Subject:** New Complaint- Lowery

**Peter L. Rotskoff**
Deputy Administrator-Litigation
ARDC
3161 W.White Oaks Dr. Suite 301
Springfield IL 62704
217-546-3523
protskoff@iardc.org

# EXHIBIT E



**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION**
of the
**SUPREME COURT OF ILLINOIS**

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523  (800) 252-8048
Fax (217) 546-3785

Margaret Jean Lowery
1624 Carlyle Avenue #516
Belleville, IL 62221-4558
mlowery@thelowerylawfirm.com

Springfield
April 27, 2023

Re:     Margaret Jean Lowery
        Administrator's Investigation
        No. 2023IN01374

Dear Ms. Lowery:

The Administrator's attention has been directed to page 35 of your objection to the ARDC's Petition for Taxation of Costs filed in the Supreme Court on April 24, 2023. Specifically, you alleged that Judge Andrew Gleeson made the following statement to you: "I will see to it that you are homeless and living under a bridge." You indicated that you reported this statement to Justice Karmeier. We have determined that the statement may be false and, if false, would violate Rules 8.2(a), 4.1(a), 3.3(a)(1), and 8.4(c).

Pursuant to Commission Rule 53, please write to me and address the above concerns within 14 days. In your letter, please indicate where Judge Gleeson made the statement, as well as when Judge Gleeson made the statement to you. Please also indicate when you reported the statement to Justice Karmeier and whether you have any records related to that report.

Very truly yours,

/s/ Rachel C. Miller
Rachel Miller
Counsel
ARDC Litigation Division

cc: Adrian Vuckovich

_#1618959

# EXHIBIT F

# Interview Memorandum

| | |
|---|---|
| **TO:** | Attorney Rachel Miller |
| **FROM:** | Investigator Mark Pointer |
| **DATE:** | 06/28/23 |
| **RE:** | **Respondent:**  Margaret Jean Lowery |
| | **In relation to (CW):**  Administrator |
| | **Matter Number:**  2023IN01374 |

**The following is a summary of the interview and not a verbatim statement.**
**The person interviewed has not had the opportunity to review this memorandum**

| Name of Person Interviewed | Type of Witness (Fact/Char) | Date Interviewed | Time Interviewed | Where/How Interviewed |
|---|---|---|---|---|
| **Justice Lloyd A. Karmeier** Lak1940@gmail.com **618-314-2030** | Fact | 06/28/23 | 9:20am | Via Telephone |

On June 28, 2023, at approximately 9:20am, Attorney Rachel Miller and I phoned Justice Karmeier to discuss a brief encounter with the Respondent. Just Karmeier had previously been sent a letter from Attorney Miller requesting clarification of comments made by the Respondent. Justice Karmeier then requested a phone call.

Justice Karmeier was questioned if he had an encounter with the Respondent. Justice Karmeier stated he and his wife were at a restaurant, Tavern on Main located in Belleville, IL. Justice Karmeier recalled the time frame as still "being on the bench" referring to an active Supreme Court Judge (retiring in December of 2020). Justice Karmeier stated he could not recall the exact date, but it was either in the Spring or Fall as "it was chilly". Justice Karmeier along with his wife exited the restaurant where an outdoor seating area was located. He recognized the Respondent who was dining with a group. While saying hello to the Respondent, Justice Karmeier recalled the Respondent making a comment about Judge Andrew Gleeson and "see to it that I'm homeless and living under a bridge." Justice Karmeier felt the comment was "awkward." Justice Karmeier was questioned if he ever had a conversation with Judge Gleeson about the comment. Justice Karmeier advised he did not have any conversation.

The conversation was concluded.

# EXHIBIT G



**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION**
of the
**SUPREME COURT OF ILLINOIS**

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523  (800) 252-8048
Fax (217) 546-3785

Frank Wolff
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
fwolff@bryancave.com

Springfield
June 27, 2023

Re:   Margaret Jean Lowery
      Administrator's Investigation
      No. 2023IN01374

Dear Mr. Wolff:

It is my understanding that you represent the Kaplan Feldman Holocaust Museum ("Museum") in St. Louis. We are engaged in a confidential investigation, referenced above, regarding an Illinois-licensed attorney, Margaret Jean Lowery. We would like to make a request for information related to an event hosted at the Museum, which has been described to us as an Anti-Semitism Seminar ("Seminar").

Please advise our office, in writing, on the following details regarding the June 13 Seminar at the Museum:

- whether Ms. Lowery attended the Anti-Semitism Seminar on June 13, 2023, at the Kaplan Feldman Holocaust Museum;

- whether it was in-person only, livestream, or hybrid event;

- what time the seminar began and ended;

- whether this was a ticketed event;

- whether receiving a ticket required a payment; and

- whether the Kaplan Feldman Holocaust Museum maintained a guest list and/or sign-in procedure for the event.

Please let me know if you have any questions. I may be reached at 217-546-8160.

Very truly yours,

/s/ Rachel C. Miller
Rachel C. Miller
Counsel
ARDC Litigation Division

RCM:kl
_#1638439

ADM-PROD-001057