## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARGARET J. LOWERY,

          Plaintiff,

v.

RACHEL MILLER,
PETER ROTSKOFF,
JOSE LOPEZ, JR.,
MARTHA FERDINAND,
ELIZABETH DELHEIMER, and
LEA GUITERREZ,

          Defendants.

Case No. 24-CV-204-SEH-JFJ

## <u>ORDER</u>

Before the Court is Plaintiff's Application for Temporary Restraining Order and/or Temporary Injunction (the "Motion"), [ECF No. 2]. Plaintiff asks this Court to issue a temporary restraining order "without notice and then the entry of a preliminary injunction with notice" against the named defendants pursuant to Fed. R. Civ. P. 65. The Court held an emergency hearing on this matter on May 2, 2023. For the reasons stated during the hearing and in this order, the Court DENIES the Motion.

## <u>BACKGROUND</u>

Plaintiff is an attorney who was licensed to practice law in Oklahoma and Illinois. [ECF No. 2 at 1–2]. At some point in the last few years, Illinois state court judge Andrew Gleeson started submitting bar complaints against

Plaintiff with the Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois ("ARDC"). [*Id*. at 3]. Plaintiff likewise submitted complaints against Judge Gleeson. [*Id*. at 2–3]. The ARDC initiated an investigation into Plaintiff's conduct and began disciplinary proceedings. [*Id*. at 32]. Plaintiff's statements identifying each defendant are unclear, but Plaintiff generally alleges that certain defendants are members of the ARDC group that is handling Plaintiff's Illinois attorney disciplinary proceedings.

Plaintiff alleges that the ARDC proceedings are part of a scheme to retaliate against her for submitting complaints about Judge Gleeson. [*Id*. at 2–3, 6]. Specifically, Plaintiff alleges that Judge Gleeson physically attacked her and "was stalking her and displaying creepy obsessive behavior toward her." [*Id*. at 2–3]. She further alleges that the ARDC and Judge Gleeson "filed bar complaints into Oklahoma" against her and the attorney currently representing her in this action in an "attempt[] to regulate the practice of law in Oklahoma," all as part of "an illegal retaliation scheme to hide their illegal conduct." [*Id*. at 7].

Plaintiff claims that she has suffered significant health issues as the ARDC process has progressed, and that defendant Jose Lopez "testified that the sole reason [an ARDC disciplinary hearing] had to occur on May 1 and 2, 2024, was to take away Ms. Lowery's Oklahoma Bar license." [*Id*. at 7–8]. Plaintiff also accuses the ARDC of additional substantive and procedural

2

wrongdoings that occurred throughout the investigation and disciplinary

proceedings. [*Id.* at 8–12]. In her key allegation at issue in this action,

Plaintiff says:

> ARDC intends to default Plaintiff tomorrow on May 1, 2024
> because the Chair refuses to follow the ADA and expects a woman
> under disability and on pain medication to appear, testify and
> present her case. Her physician has signed an affidavit that the
> Chairs [sic] order will cause her permanent injury up to and
> including death.

[*Id.* at 16–17]. It is unclear exactly when the ARDC proceedings are

occurring, or if they had already concluded at the time of the emergency

hearing on May 2, 2024. In the Motion, Plaintiff says that the "ARDC intends

to default Plaintiff tomorrow on May 1, 2024." *Id.* However, the Motion was

filed on May 2, 2024. During the emergency hearing, the Court sought clarity

from Plaintiff's counsel, but the timeline remains unclear:

> <u>The Court:</u> Is the hearing at the ARDC, though, going on today?
> Because there was – it was confusing to me in the filing about
> whether the filing had happened yesterday or happening some
> point in the future. Can you help me point down the timeline of the
> ARDC?
> <u>Mr. Wilkinson:</u> The last I heard it was supposed to be something
> today and something tomorrow. But that's – that's where we're at
> with that.

[ECF No. 7 at 8–9].

Plaintiff asks the Court for a temporary restraining order and preliminary

injunction [ECF No. 2 at 1]. Because Plaintiff has failed to establish personal

jurisdiction over the defendants, the Court DENIES the motion.

## DISCUSSION

A federal court can only issue injunctive relief if it has subject matter jurisdiction over the claim and personal jurisdiction over the parties. *John Zink Company, LLC v. Robertson*, No. 22-CV-525-JFH-CDL, 2022 WL 17547786, at *2 (N.D. Okla. Dec. 9, 2022). During the emergency hearing, Plaintiff's counsel conceded that the Court does not have jurisdiction to enter a temporary restraining order or preliminary injunction. [ECF No. 7 at 12] (counsel stating "I would agree that there needs to be more specificity with regard to the jurisdiction."). Even if Plaintiff had not conceded the jurisdictional issue, the Court independently finds that Plaintiff has not sufficiently established jurisdiction.

## I.   Subject-Matter Jurisdiction

There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332, and federal-question jurisdiction under 28 U.S.C. § 1331. Diversity jurisdiction exists in actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." *Id*. § 1332(a). Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." *Id*. § 1331.

### A. <u>Diversity Jurisdiction</u>

A party invoking diversity jurisdiction has the burden to establish diversity jurisdiction "by a preponderance of the evidence." *Ross v. State Farm Fire and Casualty Co.*, No. 23-cv-189-JD, 2024 WL 1092540, at *1 (W.D. Okla. Mar. 13, 2024) (citing *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)).

Plaintiff does not specifically invoke diversity jurisdiction, and she does not provide any information about each defendant's citizenship. Plaintiff asserts in the civil cover sheet that her demand is less than $50,000. [ECF No. 1]. Plaintiff does not state the amount in controversy in the Motion. For all these reasons, the Court cannot exercise diversity jurisdiction.

### B. <u>Federal Question Jurisdiction</u>

The Court may exercise federal question jurisdiction when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Just Between Friends Franchise System, Inc. v. Samone Gibson Enterprises, LLC*, No. 23-CV-098-JFH-JFJ, 2023 WL 2496584, at *3 (N.D. Okla. March 14, 2023) (quoting *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235–36 (10th Cir. 2003)). Thus, to find jurisdiction under 28 U.S.C. § 1331, two conditions must be satisfied. "First, a question of federal law must appear on the face of the

plaintiff's well-pleaded complaint." *Id.* (citing *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)). "Second, the plaintiff's cause of action must either be: (1) created by federal law, or (2) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" *Id.* (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

Plaintiff has not filed a standalone complaint, but the Motion invokes the Americans with Disabilities Act ("ADA"). [ECF No. 2 at 12–13]. The ADA is a federal statute that provides for a cause of action. 42 U.S.C. § 12101 *et seq.* Plaintiff asserts that in addition to ADA violations, she has a valid claim against the defendants for "civil rights violations." [ECF No. 2 at 8]. Plaintiff does not identify the basis for the alleged "civil right violations" in the Motion, but counsel clarified during the emergency hearing that Plaintiff "is going to do an action with 1983." [ECF No. 7 at 10]. The Court interprets counsel's statement as an intention to bring a claim under 42 U.S.C. § 1983. Plaintiff's allegations in the Motion are sparse with respect to the § 1983 claim, so it is not clear that Plaintiff has established federal question jurisdiction on this claim. However, Plaintiff specifically invokes the ADA in the Motion, so the Court can at least exercise federal question jurisdiction on this claim.

## II.   <u>Personal Jurisdiction</u>

It is Plaintiff's burden to establish personal jurisdiction. *Vora v. Dionne*, No. 23-1090, 2024 WL 509030, at *2 (10th Cir. Feb. 9, 2024). To do so, Plaintiff must satisfy Oklahoma's long-arm statute and constitutional due process. *Breckenridge Consulting, LLC v. TEK For Your Live, LLC*, No. 23-248-JWB, 2024 WL 1481084, at *2 (N.D. Okla. March 26, 2024) (citation and internal quotations omitted). "The Oklahoma long-arm statute allows jurisdiction to the fullest extent permitted by constitutional due process, so courts can proceed straight to the constitutional issue." *Id.* (citing *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020); *see also* Okla. Stat. tit. 12, § 2004(F)).

"To exercise jurisdiction in harmony with due process, defendants must have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (cleaned up). "The minimum contacts may give way to specific or general jurisdiction." *Just Between Friends Franchise Sys., Inc.*, 2023 WL 2496584, at *3 (citing *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)). "At the pleading stage, a plaintiff need only establish a prima facie showing of personal jurisdiction.*" Id.* (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 19 F. App'x 815, 822 (10th Cir. 2001)).

### A. General Personal Jurisdiction

Unlike specific personal jurisdiction, general personal jurisdiction does not require that the litigation "arise from the defendant's activities in the forum." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012). Rather, general personal jurisdiction "requires that a defendant have contacts with the forum so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* (internal quotation mark and citation omitted).

Plaintiff does not provide any information about the defendants' residence, citizenship, or other continuous ties to Oklahoma. The only allegations about any of the defendants' contacts with Oklahoma involve communications sent to Plaintiff and the Oklahoma Bar Association, and the impact of the Illinois attorney disciplinary proceedings on Plaintiff's Oklahoma bar license. This falls well short of the requirement that Plaintiff show continuous and systematic contacts such that the defendants could be considered "at home" in Oklahoma. *Id.*

### B. Specific Personal Jurisdiction

"For specific jurisdiction, the defendant must have sufficient minimum contacts with the forum state, and jurisdiction over the defendant cannot offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102,

8

113 (1987)). To establish minimum contacts, a plaintiff must show two things. First, Plaintiff must show that the defendant "purposefully availed itself of the privilege of conducting activities within the forum state." *Id*. This requirement is also called the "purposeful direction" requirement. *Old Republic Ins. Co. v. Continental Motors, Inc.* 877 F.3d 895, 904–05 (10th Cir. 2017) (citation omitted). Second, Plaintiff must also show that her injuries "'arise out of' the defendant's forum-related activities." *Id*. at 908. The Court cannot exercise specific personal jurisdiction because the defendants did not purposefully avail themselves of the privilege of conducting activities in Oklahoma. Because Defendants cannot satisfy the first requirement, the Court does not address the second requirement.

Personal jurisdiction is a question of the quality of contacts just as much as it is the quantity, and Plaintiff must show that the defendants "have deliberately … engaged in significant activities within the forum State or deliberately directed [their] activities at the forum State, so that [they have] manifestly availed [themselves] of the privilege of conducting [activity] there." *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840–41 (10th Cir. 2020) (internal quotations and citations omitted). Plaintiff's arguments fall under the "harmful effects" framework of purposeful availment analysis. *Old Republic Ins. Co.* 877 F.3d at 907 (citing *Calder v. Jones*, 465 U.S. 783, 790 – 791 (1984)). To establish personal jurisdiction under this framework, Plaintiff

9

must show "(a) an intentional action ... , that was (b) expressly aimed at the forum state ..., with (c) knowledge that the brunt of the injury would be felt in the forum state." *Id.* (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)).

The only contacts Plaintiff alleges that the defendants had with Oklahoma involve communications to Plaintiff and the Oklahoma Bar Association about pending ARDC proceedings against her, and a statement by the ARDC chair about the impact of those proceedings on her Oklahoma bar license. Primarily, Plaintiff makes general, conclusory allegations about the impact the ARDC proceedings will have on her Oklahoma bar license. Plaintiff makes general allegations about Peter Rotskoff, Jose Lopez, Jr., and Rachel Miller's involvement in the ARDC proceedings. But these allegations involve only minimal communications sent to Oklahoma (and other states) that were incidental to the Illinois disciplinary process. Notably, Plaintiff does not even mention—let alone make specific allegations against—named defendants Martha Ferdinand, Elizabeth Delheimer, and Lea Guiterrez.

Plaintiff's most specific allegation about conduct directed toward Oklahoma is that defendant Jose Lopez "testified on the record that the sole reason that the ARDC was coming after [Plaintiff] was to affect her Oklahoma Bar license." [ECF No. 2 at 12]. Plaintiff did not provide a transcript for this statement, and the Court has serious concerns about the

10

reliability of Plaintiff's allegations. In the verification attached to the Motion, Plaintiff says that at the time she signed the verification, she was "under disability as set forth by my physician" and that she was "under the effects of powerful opioid medications which affect [her] ability to practice law." [ECF No. 2 at 18]. But even setting these concerns aside, and taking Plaintiff at her word, none of her statements or submissions are enough to establish personal jurisdiction over the defendants.

The ARDC does not control Oklahoma attorney disciplinary proceedings. Those proceedings fall within the exclusive jurisdiction of the Oklahoma Supreme Court. Rule 1.1, Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch. 1, app. 1-A. Additionally, Plaintiff has an affirmative duty to notify the General Counsel for the Oklahoma Bar Association if "discipline for lawyer misconduct has been imposed upon [her] in another jurisdiction." Rule 7.7, Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, ch. 1, app. 1-A.

The Illinois Supreme Court Rules on registration and Discipline of Attorneys similarly require Plaintiff to report results of disciplinary actions to "all other jurisdiction in which [she] is licensed to practice law," and the clerk of the Illinois Supreme Court is also obligated to notify those jurisdictions. Illinois Supreme Court Rules 764(f)(4), 768. Plaintiff should no doubt be aware of her affirmative reporting obligation because the attorney

11

disciplinary proceedings against her in Oklahoma were based upon

Oklahoma Rule 7.7. *State ex rel. Oklahoma Bar Association v. Lowery*, 531

P.3d 99, 101 (Okla. 2023) ("Complainant, State of Oklahoma ex rel.

Oklahoma Bar Association, initiated disciplinary proceedings pursuant to

Rule 7.7, Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S.2011 ch.

1, app. 1-A, concerning the imposition of reciprocal discipline for professional

misconduct that occurred in Illinois.").

Taking Plaintiff's allegations as true, the defendants' alleged conduct and

communications sent to Oklahoma and Mr. Lopez's statements about the

reason for the ARDC proceedings are not sufficient to show an intent to

conduct activities within or direct activities toward Oklahoma. Nor is this

conduct "expressly aimed at [Oklahoma with] knowledge that the brunt of the

injury would be felt in the forum state." *Old Republic Ins. Co.*, 877 F.3d at

907. Rather, the defendants are conducting an Illinois proceeding—in

Illinois—pursuant to Illinois rules. And even if the defendants did not notify

the Oklahoma Bar Association about the Illinois proceedings, Plaintiff herself

would be obligated to do so under both Oklahoma and Illinois professional

conduct rules. The driving forces for the effects of the Illinois proceedings on

Plaintiff's Oklahoma bar license are procedural requirements and Plaintiff's

own inevitable, affirmative reporting obligations, not any individual

12

defendant's desire to inflict harm on Plaintiff in Oklahoma. For these reasons, the Court cannot exercise personal jurisdiction over the defendants.

## III.   __Preliminary Injunction__

In addition to requesting a "Temporary restraining Order without notice" to the defendants, Plaintiff asks the Court for "entry of a Preliminary Injunction with notice to the parties, all against the above named Defendants." [ECF No. 2 at 1]. Under Fed. R. Civ. P. 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Plaintiff does not make any representations about notice to the defendants in the Motion. Nor has Plaintiff filed any proof of service.

During the emergency hearing, the Court asked Plaintiff's counsel about notice. Plaintiff's counsel said Plaintiff told defendants "that this action was being filed." [ECF No. 7 at 4]. But when the Court asked whether Plaintiff told the defendants "what court it would be in or any other details," Plaintiff's counsel said "No." [*Id.*]. The Court is not satisfied that notice has been provided to the defendants. Therefore, pursuant to Fed. R. Civ. P. 65(a)(1), the Court denies Plaintiff's request for a preliminary injunction.

Additionally, although the timeline of events is less than crystal clear, there is no allegation that the ARDC proceedings were scheduled for any time after May 3, 2024. That date has now passed, so any request for relief as to those proceedings is moot, and the Motion is denied on that basis as well.

## <u>CONCLUSION</u>

For the reasons stated in this order, Plaintiff's Application for Temporary

Restraining Order and/or Temporary Injunction is DENIED.

**IT IS SO ORDERED** this 15th day of May, 2024.

Sara E. Hill
UNITED STATES DISTRICT JUDGE